FILED

MAR 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY ALAN SMITH, | No. 11-55211 |
| Petitioner - Appellant, | D.C. No. 8:07-cv-00471-PA-JC |
| v. | |
| FRANK X. CHAVEZ, Warden, High Desert State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 4, 2014[**]
Pasadena, California

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

Jeffrey Alan Smith appeals the district court's denial of his petition for

habeas relief under 28 U.S.C. § 2254 from convictions of first degree murder with

special circumstances, first degree burglary, and attempted robbery. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

**1.** Smith argues that the trial court violated *Bruton* when it admitted an out-of-court statement by his non-testifying co-defendant, Mark Taffolla, which directly implicated Smith. *See Bruton v. United States*, 391 U.S. 123 (1968). *Bruton*, however, applies to statements that violate the Confrontation Clause of the Sixth Amendment. *Id.* at 126. In *Crawford v. Washington*, 541 U.S. 36, 51 (2004), the United States Supreme Court held that the Confrontation Clause only bars "testimonial" out-of-court statements. Although *Crawford* did not establish a singular definition of "testimonial," the Court explained that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* The disputed statement—an account of the crime Taffolla gave to his girlfriend in a motel room—was clearly not testimonial. Given that *Bruton*'s core holding relies on the Confrontation Clause, the California Court of Appeal's decision was not "contrary to, [nor did it] involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).

**2.** We decline to expand the Certificate of Appealability to incorporate Smith's additional, related argument that admission of Taffolla's statement violated his due

process rights. Smith has not made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22-1(e).

**AFFIRMED.**